FILED
CLERK, U.S. DISTRICT COURT
JUL 2 2 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAATAUSILI MARK ALAIMALO,<br><br>Petitioner,<br><br>v.<br><br>J.L. NORWOOD, Warden,<br><br>Respondent. | Case No. CV 08-1090-GPS (JTL)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein. Having made a de novo determination of those portions of the Report and Recommendation to which objection has been made, the Court concurs with and adopts the findings, conclusions and recommendations set forth in the Report and Recommendation of the Magistrate Judge.

IT IS ORDERED that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

DATED: July 20, 2008

GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAATAUSILI MARK ALAIMALO,<br><br>    Petitioner,<br><br>    v.<br><br>J.L. NORWOOD, Warden,<br><br>    Respondent. | Case No. CV 08-1090-GPS (JTL)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable George P. Schiavelli, United States District Judge, pursuant to 28 U.S.C. Section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

On February 19, 2008, Vaatausili Mark Alaimalo ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. Section 2241. On March 19, 2008, J.L. Norwood ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), alleging that the Court lacks jurisdiction to consider the Petition. On May 2, 2008, Petitioner filed an Opposition to the Motion to Dismiss ("Opposition"). Respondent filed a Reply to the Opposition ("Reply") on May 23, 2008.

This matter is now ready for decision.

## PROCEDURAL HISTORY

Petitioner is currently incarcerated at the United States Penitentiary in Victorville, California ("USP Victorville"), pursuant to a judgment of the United States District Court for the District of Guam entered on October 3, 1997, following his conviction on the following counts: (1) three counts of importing methamphetamine into Guam from the United States mainland (21 U.S.C. §§ 952(a), 960) and (2) three counts of possession of methamphetamine with the intent to distribute (21 U.S.C. § 841(a)(1)). Because Petitioner sustained two prior felony drug convictions, the district court was required to sentence him to a term of life imprisonment pursuant to 21 U.S.C. Section 841(b)(1)(A). (See Petition at 2; Alaimalo v. United States, CV 07-6313-GPS (JTL), Petition, Sentencing Hearing Transcript at 27-30; Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. A at 6).[1] Accordingly, the district court sentenced Petitioner to a life term, plus a concurrent term of 360 months. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. A at 1-3).

On May 5, 1998, Petitioner appealed his conviction to the Ninth Circuit Court of Appeals, claiming that there were no exigencies that justified the warrantless entry of his home, that his consent to the search was not voluntary, and that the district court erred in its determination of the quantity of drugs he imported and distributed. See United States v. Alaimalo, 1998 U.S. App. LEXIS 30765, at *2-3 (9th Cir. 1998). On December 2, 1998, the Ninth Circuit affirmed the conviction. Id.

On December 2, 1999, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. Section 2255 in the District of Guam. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. C). In the motion, Petitioner claimed that his counsel was ineffective for failing to challenge the probable cause for the search of his residence. See United States v. Alaimalo, 313 F.3d 1188, 1192-93 (9th Cir. 2002), cert. denied,

---

[1] Respondent previously filed with this Court in Alaimalo v. United States, case number CV 06-6872-GPS (JTL), documents in support of the factual and procedural background, which were attached to Respondent's motion to dismiss Petitioner's petition in that case. The Court also refers to documents filed in Alaimalo v. United States, CV 07-6313-GPS (JTL) in setting forth the procedural history of the instant case.

540 U.S. 895 (2003). On February 15, 2000, the district court denied the motion. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. C).

Petitioner appealed the district court's denial of his Section 2255 motion. On December 20, 2002, the Ninth Circuit affirmed the district court's denial in a published opinion. Alaimalo, 313 F.3d at 1194.

On December 15, 2003, Petitioner filed a second Section 2255 motion in the District of Guam. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exhs. D, E). In this motion, Petitioner argued, inter alia, that the Ninth Circuit's decision in United States v. Cabaccang, 332 F.3d 622 (9th Cir. 2003) made his convictions for importation invalid. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. E at 11-12). The district court transferred the motion to the Ninth Circuit for certification to appeal, which the Ninth Circuit denied on July 15, 2004. (Id., Exh. F). Accordingly, on June 13, 2005, the district court dismissed Petitioner's second Section 2255 motion for lack of jurisdiction because the Ninth Circuit had not certified the case for appeal. (Id., Exh. G).

On March 1, 2005, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241 in the Eastern District of California.[2] (Id., Exh. H). In the petition, Petitioner argued that there was jurisdiction under Section 2255's savings clause, and that, under Cabaccang, he was actually innocent of the importation convictions. On September 7, 2005, United States Magistrate Judge Sandra M. Snyder issued a "Findings and Recommendation Regarding the Petition for Writ of Habeas Corpus." Judge Snyder found that Petitioner was legally innocent of importation because, as in Cabaccang, the methamphetamine involved in the offense had traveled between California to Guam, both of which are inside United States territory. However, Judge Snyder concluded that Petitioner had "several unobstructed procedural opportunities to present his claim," and, thus, could not proceed under Section 2241. (Id.). Alaimalo v. Schultz, 2005 U.S. Dist. LEXIS 27373, at *9-11 (E.D. Cal.

---

[2] It appears that, from 2003 to April 2006, Petitioner was housed at the United States Penitentiary in Atwater, California, which is in the Eastern District of California. (See Motion to Dismiss at 3 n.3; Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. I at 1).

2005). Judge Snyder recommended that the petition be dismissed for lack of jurisdiction. See Alaimalo, 2005 U.S. Dist. LEXIS 27373, at *11. On September 29, 2005, the district court adopted Judge Snyder's findings and recommendation, and dismissed the petition. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. H). Alaimalo, 2005 U.S. Dist. LEXIS 27369, at *2.

On March 27, 2006, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition. The Ninth Circuit denied the application on July 26, 2006. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. J).

On October 23, 2006, Petitioner filed yet another Section 2255 motion in the District of Guam. (Id., Exh. K). The district court denied the motion on November 14, 2006. (Id., Exhs. K, L).

On October 27, 2006, Petitioner filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. Section 2241 in this Court in case number CV 06-6872-GPS (JTL).[3] In the petition, he raised the same arguments that he did in his petition to the Eastern District of California, i.e., that he was actually innocent of the importation of methamphetamine convictions under Cabaccang, and that this Court had jurisdiction to entertain his Section 2241 Petition pursuant to Section 2255's savings clause. On June 4, 2007, Magistrate Judge Jennifer T. Lum issued a Report and Recommendation, recommending that Judgment be entered dismissing the petition for lack of jurisdiction.[4] (See Alaimalo v. United States, CV 07-6313-GPS (JTL), Motion to Dismiss, Exh. A). On September 26, 2007, District Judge George P. Schiavelli entered Judgment, adopting the Report and

---

[3] On April 30, 2007, Petitioner filed an application for leave to file a second or second petition in the Ninth Circuit, which was denied on June 15, 2007. (Ninth Circuit Docket, Case No. 07-71668).

[4] In the Report and Recommendation, the Court concurred with the Eastern District of California and concluded that Petitioner had not demonstrated that Section 2255 provided an "inadequate or ineffective" remedy. Further, the Court noted that the basis for Petitioner's actual innocence claim was available prior to Petitioner's first Section 2255 motion, and Petitioner had several opportunities to raise the claim in the district court and in the Ninth Circuit Court of Appeals.

1 Recommendation and dismissing the petition for lack of jurisdiction.[5] (Alaimalo v. United
2 States, CV 07-6313-GPS (JTL), Motion to Dismiss, Exh. A).
3       On September 27, 2007, Petitioner filed another petition for writ of habeas corpus by a
4 person in federal custody pursuant to 28 U.S.C. Section 2241 in this Court in case number CV
5 07-6313-GPS (JTL). In the petition, Petitioner claimed that under Lopez v. Gonzalez, 549 U.S.
6 47, 127 S. Ct. 625 (2006), his two prior felony drug state convictions for simple possession of
7 a controlled substance cannot be construed as two felony drug priors for purposes of
8 sentencing under the statutes under which he was convicted. (See Alaimalo v. United States,
9 CV 07-6313-GPS (JTL), Petition at 3-6). On December 18, 2007, Magistrate Judge Jennifer
10 T. Lum issued a Report and Recommendation, recommending that Judgment be entered
11 dismissing the petition for lack of jurisdiction. On May 9, 2008, District Judge George P.
12 Schiavelli entered Judgment, adopting the Report and Recommendation and dismissing the
13 petition for lack of jurisdiction.
14       On February 19, 2008, Petitioner filed the instant Petition pursuant to 28 U.S.C. Section
15 2241. In the Petition, he raises the following claims: (1) trial and appellate counsel rendered
16 ineffective assistance by failing to perform adequate research, adequately prepare, read legal
17 documents to Petitioner and adequately explain such legal documents to Petitioner, and for
18 generally neglecting Petitioner's legal affairs; (2) Petitioner's conviction was obtained by
19 exploitation of a premeditated warrantless arrest in his home and a premeditated warrantless
20 search of Petitioner's home; (3) the United States District Court for the District of Guam lacked
21 subject matter jurisdiction, abused its discretion and made an error of law by erroneously
22 interpreting and applying statutes, which resulted in illegal life sentences; and (4) the United
23 States District Court for the Eastern District of California abused its discretion when it
24 unconstitutionally suspended Petitioner's habeas petition, denied Petitioner access to the writ

---

[5] The docket in case number CV 06-6872-GPS (JTL) indicates that Petitioner filed a notice of appeal to the Ninth Circuit on October 11, 2007, appealing the Court's September 26, 2007 Judgment. Petitioner's appeal is still pending in the Ninth Circuit. (Ninth Circuit Court of Appeals Docket, Case No. 07-56621).

of habeas corpus and deprived Petitioner of due process and equal protection under the law. (See Petition at 3, Memorandum of Law in Support at 1-17).

## DISCUSSION

### I. THE COURT LACKS JURISDICTION TO CONSIDER CLAIMS ONE THROUGH THREE

A federal prisoner in custody who wishes to collaterally attack the validity of a conviction or sentence imposed by a federal court must file either a motion to vacate, set aside, or correct the sentence pursuant to Section 2255 in the court that imposed the sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. See id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. See id. at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

An exception to the general bar against using 28 U.S.C. Section 2241 to collaterally attack a conviction or sentence exists when the prisoner can show that the remedy available under Section 2255 is "'inadequate or ineffective to test the validity of his detention.'" United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); Pirro, 104 F.3d at 299. The remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. See

1  Aronson v. May, 85 S. Ct. 3, 5 (1964); Tripati, 843 F.2d at 1162-63; United States v. Lurie, 207
2  F.3d 1075, 1077 (8th Cir. 2000).

3       The Ninth Circuit has provided little guidance on what constitutes "inadequate and
4  ineffective" in relation to the savings clause.  It has acknowledged that "[other] circuits,
5  however, have held that Section 2255 provides an 'inadequate and ineffective' remedy (and
6  thus that the petitioner may proceed under Section 2241) when the petitioner claims to be: (1)
7  factually innocent of the crime for which he has been convicted; and, (2) has never had an
8  'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing
9  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)).  The burden is on the petitioner to show
10 that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th
11 Cir. 1963).

12      In his first three claims for relief, Petitioner claims the following:  (1) trial and appellate
13 counsel rendered ineffective assistance at all critical stages of trial and appeal (see Petition at
14 3, Memorandum of Law in Support of Habeas Corpus ("Memorandum in Support") at 1-4); (2)
15 Petitioner was convicted based on an illegal, premeditated warrantless search and arrest (see
16 Petition at 3, Memorandum in Support at 4-10); and (3) the United States District Court for the
17 District of Guam abused its discretion and made an error of law by erroneously interpreting and
18 applying statutes, which resulted in illegal life sentences (see Petition, Memorandum in Support
19 at 10-12).  Because Claims One through Three challenge the validity and constitutionality of
20 Petitioner's 1997 conviction and sentence in the United States District Court for the District of
21 Guam, the appropriate procedure would be to raise the claims in a motion pursuant to Section
22 2255 in the District of Guam, and not a habeas petition pursuant to Section 2241 in this Court.

23      Although Petitioner does not dispute that his ineffective assistance of counsel and illegal
24 search and arrest claims are appropriately raised in a motion under Section 2255, he asserts
25 that his third claim, alleging erroneous interpretation and application of statutes by the United
26 States District Court for the District of Guam, is not cognizable under Section 2255.  (See
27 Petition at 4; Opposition at 2).  Petitioner was convicted of importation within the meaning of
28 21 U.S.C. Section 952(a) for having received an express mail package containing 200 grams

of methamphetamine in Guam which had been shipped from California. See Alaimalo, 313 F.3d at 1190-91. Relying upon the Ninth Circuit's subsequent decision in Cabaccang, in which the Ninth Circuit held that "transport of drugs on a nonstop flight from California to Guam does not constitute importation within the meaning of 21 U.S.C. § 952(a)," 332 F.3d at 637, Petitioner argues that he did not violate 21 U.S.C. §§ 952(a), 960 or 963. (Petition, Memorandum in Support at 11-12). Thus, because the statutes did not apply to his conduct, Petitioner claims that the United States District Court for the District of Guam abused its discretion by erroneously interpreting and applying the relevant statutes, and that it lacked subject matter jurisdiction to try, convict and sentence Petitioner under statutes that did not apply to Petitioner's conduct. (See Petition, Memorandum in Support at 12). According to Petitioner, "[s]uch erroneous interpretation and application [of statutes] is only cognizable under 28 U.S.C. § 2241[.]" (Opposition at 2). The Court rejects Petitioner's argument. Although Petitioner phrases his claim in terms of an "error of law" committed by the United States District Court for the District of Guam, the "erroneous interpretation and application" of statutes of which he complains clearly challenges the validity of his convictions for importing methamphetamine into Guam. Such a claim is appropriately raised in a 2255 motion filed in the sentencing court.[6]

---

[6] The Court also rejects Petitioner's argument that the United States District Court for the District of Guam "lacked subject matter jurisdiction to try, convict and sentence Petitioner" under statutes that did not apply to Petitioner's conduct. (See Petition, Memorandum in Support at 12; Opposition at 2). Pursuant to 18 U.S.C. Section 3231, "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." See United States v. Castillo, 496 F.3d 947, 951 (9th Cir. 2007) ("Congress has affirmatively authorized district courts to hear criminal cases involving 'all offenses against the laws of the United States.'"). Further, the United States Supreme Court has stated that "nothing can be clearer than that the district court, which has jurisdiction of all crimes cognizable under the authority of the United States . . . acts equally within its jurisdiction whether it decides a man to be guilty or innocent under the criminal law, and whether its decision is right or wrong. The objection that the indictment does not charge a crime against the United States goes only to the merits of the case." Lamar v. United States, 240 U.S. 60, 65 (1918). In this case, Petitioner was charged with importation of methamphetamine in violation of "the laws of the United States." 18 U.S.C. § 3231; see 21 U.S.C. §§ 952(a), 960. That Petitioner may have been legally innocent of the crime did not deprive the district court of jurisdiction to adjudicate Petitioner's case. See Lamar, 240 U.S. at 64 ("Jurisdiction is a matter of power and covers wrong as well as right decisions."); see also United States v. Cotton, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."); United States v. Ratigan, 351 F.3d 957, 962-63 (9th Cir, 2003); United States v. Sardelli, 813 F.2d 654, 656 (5th Cir. 1987) (stating that district court had jurisdiction to hear case in which a violation of 18 U.S.C. Section 1014 was charged because it states an offense against the United States; that defendant's conviction was vacated following a United States Supreme Court decision

See generally Davis v. United States, 417 U.S. 333, 346-47 (1974) (where petitioner argued that a subsequent change in substantive law established that petitioner's conviction and sentence was for an act that the law does not make criminal, the claimed error of law "'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255"; thus, without addressing the merits of the claim, the issue presented was "cognizable in a § 2255 proceeding." (quoting and discussing Hill v. United States, 368 U.S. 424, 428-29 (1962)).

Moreover, Petitioner has not shown that Section 2255 is "'inadequate or ineffective to test the validity of his detention.'" Pirro, 104 F.3d at 299. Petitioner's ineffective assistance of counsel and illegal search and arrest claims are not claims of "actual innocence." These claims, therefore, do not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.[7] See Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

---

establishing that defendant's conduct was not proscribed by 18 U.S.C. Section 1014, did "not mean that the district court was without jurisdiction to try him.").

[7] It appears that Petitioner previously raised claims concerning the warrantless search of his home on direct appeal of his conviction to the Ninth Circuit. On appeal, Petitioner asserted that there were no exigencies that justified the warrantless entry of his home and that his consent to the search was not voluntary. See United States v. Alaimalo, 1998 U.S. App. LEXIS 30765, at *2-3 (9th Cir. 1998). On December 2, 1998, the Ninth Circuit affirmed Petitioner's conviction, holding that the district court properly determined that exigent circumstances justified the warrantless entry of Petitioner's home and that the district court's decision that Petitioner's consent to the search of his home was voluntary was not clearly erroneous. Id.; see Molina v. Rison, 886 F.2d 1124, 1129 (9th Cir. 1989) ("[D]espite the similarity or differences in the factual context of the claim, a ground is successive if the basic thrust or 'gravamen' of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments.").

Petitioner also raised a claim of ineffective assistance of trial and appellate counsel in his first motion under Section 2255, filed on December 2, 1999, in the District of Guam. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. C). In the motion, Petitioner claimed that both trial and appellate counsel's failure to challenge the warrantless entry of his home as being without probable cause constituted ineffective assistance of counsel in violation of the Sixth Amendment. See United States v. Alaimalo, 313 F.3d 1188, 1189, 1192-93 (9th Cir. 2002), cert. denied, 540 U.S. 895 (2003). On February 15, 2000, the district court denied the motion. (Alaimalo v. United States, CV 06-6872-GPS (JTL), Motion to Dismiss, Exh. C). Petitioner appealed the district court's denial of his Section 2255 motion to the Ninth Circuit, which affirmed the district court's denial in a published opinion on December 20, 2002. Alaimalo, 313 F.3d at 1194.

1  unobstructed procedural shot at presenting that claim.'") (emphasis added); see, e.g.,
2  Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually
3  innocent may resort to Section 2241 when relief is not available under Section 2255 because
4  the petitioner had not shown actual innocence); Davis v. Crabtree, 10 F. Supp. 2d 1136, 1144
5  (D.Or. 1998) ("Since petitioner has not established a prima facie case that he is 'actually
6  innocent' of his sentence enhancement, it is unnecessary to decide whether such a claim would
7  even be cognizable under § 2241.").

8          With respect to Petitioner's claim that the United States District Court for the District of
9  Guam erroneously interpreted and applied statutes in convicting Petitioner of importing
10 methamphetamine into Guam, it appears that under Cabaccang, 332 F.3d at 637, Petitioner
11 is legally innocent of importation. See Cabaccang, 332 F.3d at 637. Petitioner, however, fails
12 to show that he has never had an unobstructed procedural shot at presenting this claim. See
13 Harrison, 519 F.3d at 959 (escape hatch criteria of Section 2255 include a claim of actual
14 innocence and a showing of no unobstructed procedural shot at presenting the claim); Ivy, 328
15 F.3d at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim of
16 innocence by motion under Section 2255. He must never have had the opportunity to raise it
17 by motion."). In denying Petitioner's previous Section 2241 habeas petition in case number CV
18 06-6872-GPS (JTL) for lack of jurisdiction, this Court rejected Petitioner's contention that he
19 had never had an unobstructed procedural shot at presenting a claim that he is actually
20 innocent of his importation convictions because Cabaccang was decided on June 6, 2003, and
21 Petitioner's first Section 2255 motion had been denied by the district court over three years
22 earlier on February 15, 2000. Referring to Magistrate Judge Snyder's decision denying
23 Petitioner's previous Section 2241 habeas petition filed in the Eastern District of California, the
24 Court noted that at the time of Petitioner's sentencing, the First Circuit had already ruled,
25 consistent with Cabaccang, that transporting drugs from one location within the United States
26 to another, despite traveling over international waters, did not constitute "importation" within the
27 meaning of 21 U.S.C. Section 952(a). See United States v. Ramirez-Ferrer, 82 F.3d 1131,
28 1136 (1st Cir. 1996). Petitioner was convicted and sentenced under the same statute, and the

basis for his challenge was the same. Thus, Petitioner could have raised his actual innocence claim before the sentencing court, or for the first time on appeal, just as the defendants successfully did in Cabaccang. Cf. Harrison, 519 U.S. at 961 ("[T]he case law, as it stood at the time that Harrison pleaded guilty, failed to prosecute his direct appeal, and filed his first motion under § 2255, invited the very argument that Harrison attempts to raise many years later through collateral attack."); Ivy, 328 F.3d at 1060 (holding that Ivy's claim "could have been raised at any time prior to or during trial, or on direct appeal... [or] in his initial § 2255 petition."). The Court also noted that Petitioner was represented on appeal by the same attorney who represented one of the defendants in Cabaccang; thus, his appellate counsel would have been aware of Petitioner's actual innocence claim as well. Moreover, because the appeal in Cabaccang was pending while Petitioner's first Section 2255 motion was also pending, Petitioner could have amended his Section 2255 motion to include the claim. Cf. Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004) (holding that Section 2255 provided the petition a procedural opportunity to raise his claim because he could have amended his first Section 2255 motion to include the new claim). Petitioner's "failure to seize that opportunity does not render Section 2255 inadequate or ineffective to test the legality of his conviction." Id. Although Ninth Circuit law may have been contrary at the time, the fact that raising the issue may have been futile does not excuse Petitioner's failure to do so. See Bousley v. United States, 523 U.S. 614, 623 (1998) (holding that failing to raise a claim on direct review is not excused by the fact that the law is unfavorable at the time).

      The Court's previous analysis applies in this case. Just as Petitioner could have raised on appeal and in his first motion under Section 2255 a claim of actual innocence, Petitioner could have raised his claim that, under Cabaccang, the district court in Guam erred in interpreting and applying statutes that did not apply to Petitioner's conduct. Indeed, Petitioner's claim that the district court erred necessarily implicates a claim that he is actually innocent of his importation convictions. Furthermore, in the context of his ineffective assistance of counsel claim, Petitioner admits that his claim of error by the district court could have been raised on appeal and in his first Section 2255 motion. (See Petition, Memorandum in Support at 3). See

11

(See Reply, Exhs. A, B).

Second, courts adjudicating habeas petitions have discretion to extend the time to file an answer to the petition. Under 28 U.S.C. Section 2243, "[t]he writ [of habeas corpus], or order to show cause shall be... returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, which also may be applied to cases brought under 28 U.S.C. Section 2241,[9] unless the petition is summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response <u>within a fixed time</u>, or to take other action the judge may order." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (emphasis added);[10] see <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653-54 (7th Cir. 1994) (stating that the Rules Governing Section 2254 Cases have the force of a superseding statute and "loosened up the deadline for responses" under 28 U.S.C. Section 2243); <u>Clutchette v. Rushen</u>, 770 F.2d 1469, 1474-75 (9th Cir. 1985), cert. denied, 475 U.S. 1088 (1986) (noting that Rule 4 contains no fixed time requirement and gives district court discretion to grant an appropriate deadline in habeas cases). Thus, the district court has the discretion to set a

---

Rules Governing Section 2254 Cases in the United States District Courts, the duties imposed upon a Judge of the District Court may be performed by a full-time Magistrate Judge"), 72-3.3 ("In habeas cases that are not summarily dismissed... the Magistrate Judge shall file a report which may contain proposed findings of fact, conclusions of law and recommendations for disposition).

[9] See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

[10] The Advisory Committee Notes on Rule 4 states:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices... additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Rule 4 of the Rules Governing Section 2254 Cases advisory committee's note.

deadline beyond the time prescribed for a response in 28 U.S.C. Section 2243, and Petitioner's argument to the contrary fails.[11]

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus; and (3) denying the Petition and dismissing this action with prejudice.

DATED: June 9, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[11] Although Petitioner cites to Federal Rule of Civil Procedure 81(a)(2) (see Petition, Memorandum in Support at 13), which previously provided that a writ of habeas corpus "shall be returned within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. § 2254 shall not exceed 40 days," see Clutchette, 770 F.2d at 1473, the rule has since been amended and no longer refers to habeas corpus petitions. See Fed. R. Civ. P. 81(a)(2) ("Bankruptcy. These rules apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure."). The Advisory Committee Notes on the 2002 amendments to Federal Rule of Civil Procedure 81 state:

> In its present form, Rule 81(a)(2) includes return-time provisions that are inconsistent with the provisions in the Rules Governing §§ 2254 and 2255. The inconsistency should be eliminated, and it is better that the time provisions continue to be set out in the other rules without duplication in Rule 81. Rule 81 also directs that the writ be directed to the person having custody of the person detained. Similar directions exist in the § 2254 and § 2255 rules, providing additional detail for applicants subject to future custody. There is no need for partial duplication in Rule 81.

Fed. R. Civ. P. 81 advisory committee's note on 2002 amendments.